```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


RYAN HENK,                        :
                                  :
     Plaintiff,                   :
                                  :               PRISONER
v.                                :    Case No. 3:13cv1322 (RNC)
                                  :
SCOTT ERFE, STEPHEN BATES         :
AND GIULIANA MUDANO,              :
                                  :
     Defendants.                  :
```

                            RULING AND ORDER

*Pro se* plaintiff Ryan Henk brings this action under 42 U.S.C. § 1983 alleging that the defendants, supervisory officials assigned to Corrigan-Radgowski Correctional Institution in Suffield, Connecticut ("Corrigan"), violated his due process rights by holding him in unsanitary and unsafe conditions while he awaited trial.  The defendants have moved for summary judgment on the merits and on the ground that the plaintiff has failed to exhaust administrative remedies.  I agree that the plaintiff has failed to exhaust.  Summary judgment will therefore enter without prejudice to refiling.

I. Background

The following account draws from the largely undisputed facts, with all contested points resolved in the plaintiff's favor.  Between December 2009 and June 2013, the plaintiff was admitted to Corrigan on four separate occasions for a variety of offenses.  ECF No. 17-3, at 7-10.  Each time he was given an

Inmate Handbook that explained inmate grievance procedures.  Id.

An inmate at Corrigan who wishes to file a grievance must follow the procedure established in Connecticut Department of Correction Administrative Directive 9.6 ("Directive").  Under the Directive, full administrative review generally occurs in three steps.  First, an inmate must seek to resolve his complaint informally by depositing an Inmate Request Form in a designated collection box.  ECF No. 17-8, at 6.  If the inmate is dissatisfied with the response to his Inmate Request Form or does not receive a response within fifteen days, he may proceed to the second step, which is termed "Level One Review."  Level One Review is undertaken by the Unit Administrator, who must respond to the grievance in writing within thirty days.  Id. at 8.  An inmate may proceed to the third step, "Level Two Review," if he disagrees with the Unit Administrator's judgment or does not receive a timely response.  Id.  Level Two Review takes place before a District Administrator.  With few exceptions that do not appear to be relevant in this case, Level Two Review is the final stage of appeal.

The plaintiff filed his first grievances shortly after his admission to Corrigan as a pretrial detainee in June 2013.  On August 5, he submitted two Inmate Request Forms addressed to the conditions of his confinement in Corrigan's gymnasium.  Some inmates at Corrigan are housed in a gym instead of cell blocks,

2

and the plaintiff was among those assigned to the gym. ECF No. 17-10, at 2. The gym accommodates approximately 100 inmates. They sleep on mattresses in the gym, spend most of their days in the gym, and use two bathrooms adjoining the gym. <u>Id</u>. at 3. Two or three guards constantly monitor the space. In the plaintiff's August 5 Inmate Request Forms, he alleged that the gym was unsanitary and unsafe. He stated that he was unable to shower, the conditions made him ill, and other inmates housed in the gym were violent. ECF No. 17-4, at 2-3.

Though the Directive provides that corrections officers must respond to Inmate Request Forms within fifteen days, the plaintiff never received a response to either complaint. ECF No. 17-3, at 17. On August 21, the fifteen-day period having lapsed, he pursued Level One Review by filing two grievances. One stated that he had not received a response to his Inmate Request Forms within the allotted time. The other repeated his assertions concerning the conditions in the gym and requested that he be transferred and the gym closed. ECF No. 17-4, at 4-7. The plaintiff never received a response to either grievance, but he did not appeal this non-action through Level Two Review. ECF No. 17-3, at 19.

The plaintiff filed this lawsuit on September 9, 2013, naming as defendants three Corrigan officials. He asserts that the conditions in the gym were so offensive as to violate his

constitutional rights under the Due Process Clause of the Fourteenth Amendment. The defendants have moved for summary judgment, arguing that the plaintiff's confinement did not violate the Constitution, he has failed to exhaust administrative remedies, and they did not personally participate in the alleged constitutional violation. The plaintiff has not responded to their motion.

## II. Legal Standard

The Court's role on a motion for summary judgment is to identify triable issues of fact, not to try them. Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is a fact that influences the case's outcome under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). A "genuine" dispute is a dispute that a reasonable jury could resolve in favor of the non-movant. Id. A court considering a motion for summary judgment must view the record in the light most favorable to the party opposing the motion, resolving factual disputes and drawing all reasonable inferences in the nonmovant's favor. Gallo v. Prudential Residential Servs. Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994).

When a litigant is proceeding *pro se*, as the plaintiff is in

this case, a court must construe his filings liberally and interpret them to "raise the strongest arguments that they suggest." Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotation marks omitted). But this does not absolve the plaintiff "of his duty to meet the requirements necessary to defeat a motion for summary judgment." Jorgenson v. Epic/Sony Records, 351 F.3d 46, 50 (2d Cir. 2003).

III. Discussion

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust administrative remedies before filing a federal lawsuit related to prison conditions. 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L.Ed.2d 12 (2002). Exhaustion is an affirmative defense, and an inmate's failure to exhaust will preclude relief unless 1) an administrative remedy was not available to the prisoner; 2) the defendant has waived the defense or is estopped from raising it; or 3) special circumstances justify the failure. Peeler v. McGill, No. 11 Civ. 327 (RNC), 2013 WL 5913827, at *3 (D. Conn. Oct. 31, 2013); Veloz v. New York, 339 F. Supp. 2d 505, 513 (S.D.N.Y. 2004).

When a prisoner files a grievance and receives no response, the PLRA's exhaustion requirement obligates him to appeal the non-action if the applicable administrative scheme provides for

such review.  See, e.g., Veloz, 339 F. Supp. 2d at 516 ("[P]laintiff's allegation that these particular grievances were misplaced or destroyed by correctional officers ultimately does not relieve him of the requirement to appeal these claims to the next level once it became clear to him that a response to his initial filing was not forthcoming."); Reyes v. Punzal, 206 F. Supp. 2d 431, 433 (W.D.N.Y. 2002) ("Thus, even if plaintiff received no response to his grievance, he could have appealed it to the next level.  By not doing so, plaintiff failed to exhaust his administrative remedies as required by the PLRA as a prerequisite to filing this lawsuit."); Martinez v. Dr. Williams R., 186 F. Supp. 2d 353, 357 (S.D.N.Y. 2002) ("Plaintiff's argument that he is excused because defendants failed to act with respect to his grievance is unpersuasive.  Plaintiff could have and should have appealed the grievance in accordance with grievance procedures.").  In this case, it is undisputed that under the Directive, a prisoner who files a Level One grievance and receives no response within thirty days may seek Level Two Review on that ground.  ECF No. 17-8, at 8.  It is also undisputed that the plaintiff received no response to either of his Level One grievances but never sought Level Two Review.  ECF No. 17-3, at 19.  He has therefore failed to exhaust administrative remedies, and nothing in the record suggests that

his failure should be excused.[1]

Accordingly, the defendants' motion for summary judgment will be granted. Judgment will enter without prejudice to refiling. Should the plaintiff properly exhaust administrative review of his claims relating to conditions in the gym, he may have his case heard on its merits.

IV. Conclusion

Accordingly, the defendants' motion for summary judgment is hereby granted.

So ordered this 6th day of February, 2015.

/s/
Robert N. Chatigny
United States District Judge

---

[1] In view of this conclusion, it is unnecessary to reach the defendants' other arguments.